Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

| | |
|---|---|
| RASIEL FUSUGIO, *individually and on behalf of others similarly situated,* | **COMPLAINT** |
| *Plaintiff,* | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| -against- | **ECF Case** |
| COPPOLA'S TUSCAN GRILL, LLC (d/b/a COPPOLA'S EAST), and SALVADOR COPPOLA, | |
| *Defendants.* | |

-------------------------------------------------------------X

Plaintiff Rasiel Fusugio ("Plaintiff Fusugio" or "Mr. Fusugio"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants Coppola's Tuscan Grill, LLC (d/b/a Coppola's East) ("Defendant Corporation"), and Salvador Coppola (collectively, "Defendants"), upon information and belief, alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Fusugio was an employee of Defendants Coppola's Tuscan Grill, LLC (d/b/a Coppola's East), and Salvador Coppola.

2.      Coppola's East is an Italian Restaurant owned by Salvador Coppola located at 378 Third Avenue, New York, NY 10016.

1

3.      Upon information and belief, Defendant Salvador Coppola serves or served as owner, manager, principal, or agent of Defendant Corporation and through this corporate entity operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Fusugio was employed as a dishwasher, and delivery worker at the restaurant located at 378 Third Avenue, New York, NY 10016.

5.      However, when ostensibly working as a delivery worker, Plaintiff Fusugio was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to dishwashing, sweeping and mopping the entire place, cleaning kitchen walls, kitchen grill, kitchen fryer, tables and all other porter duties and taking out the garbage (hereinafter, "non-delivery, non-tip duties").

6.      Plaintiff Fusugio regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage overtime compensation or spread of hours pay for any of the hours that he worked each week.

7.      Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Fusugio appropriately for any hours worked either at the straight rate or overtime compensation for the hours over 40.

8.      Further, Defendants failed to pay Plaintiff Fusugio the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Fusugio as a delivery worker in their payroll, but in actuality Plaintiff Fusugio's duties required a significant amount of time spent in non-tipped, non-delivery duties.

10.     Regardless of duties, Defendants paid Plaintiff Fusugio and all other delivery workers at a rate that was lower than the required tip-credit rate.

11.     In addition, under state law, Defendants were not entitled to take a tip credit because Plaintiff Fusugio's non-tipped duties exceeded 20% of each workday 12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Fusugio's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Fusugio at the minimum wage rate.

13.     At all times, regardless of duties, Defendants paid Plaintiff Fusugio and all other delivery workers at a rate that was lower than either the required minimum wage rate or the tip-credit rate.

14.     Defendants' conduct extended beyond Plaintiff Fusugio to all other similarly situated employees.

15.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Fusugio and other employees to work in excess of forty (40) hours per week without providing the applicable minimum wage and overtime compensation required by federal and state laws and regulations.

16.     Plaintiff Fusugio now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the

New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

17.     Plaintiff Fusugio seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Fusugio's state law claims is conferred by 28 U.S.C. § 1367(a).

19.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Fusugio was employed by Defendants in this district.

## PARTIES

*Plaintiff*

20.     Plaintiff Rasiel Fusugio  ("Plaintiff Fusugio" or "Mr. Fusugio") is an adult individual residing in Bronx County, New York.

21.     Plaintiff Fusugio was employed by Defendants from approximately December 2018 until on or about September 12, 2020.

22.     At all relevant times to this complaint, Plaintiff Fusugio was employed by Defendants as a food preparer, cook, and ostensibly as a delivery worker at Coppola's East, located at 378 Third Avenue, New York, NY 10016.

23.     Plaintiff Fusugio consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

24.     Defendants owned, operated and/or controlled an Italian restaurant located at 378 Third Avenue, New York, NY 10016 under the name of Coppola's East, at all times relevant to this complaint.

25.     Upon information and belief, Defendant Coppola's Tuscan Grill, LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 378 Third Avenue, New York, NY 10016.

26.     Defendant Salvador Coppola is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

27.     Defendant Salvador Coppola is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

28.     Defendant Salvador Coppola possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

29.     Defendant Salvador Coppola   determined the wages and compensation of employees, including Plaintiff Fusugio, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

30.     Defendants own, operate and/or control an Italian restaurant located at 378 Third Avenue, New York, NY 10016.

31.     Individual Defendant Salvador Coppola possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

32.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33.     Each Defendant possessed substantial control over Plaintiff Fusugio's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Fusugio, and all similarly situated individuals, referred to herein.

34.     Defendants jointly employed Plaintiff Fusugio, and all similarly situated individuals, and are Plaintiff Fusugio's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

35.     In the alternative, Defendants constitute a single employer of Plaintiff Fusugio and/or similarly situated individuals.

36.     Upon information and belief, Individual Defendant Salvador Coppola operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporation for his own benefit as the sole or majority shareholder;

(e)     operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of his own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

37.     At all relevant times, Defendants were Plaintiff Fusugio's employers within the meaning of the FLSA and NYLL.

38.     Defendants had the power to hire and fire Plaintiff Fusugio, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Fusugio's services.

39.    In each year from 2018 to 2020, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

40.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

41.    Plaintiff Fusugio is a former employee of Defendants, who was employed as a dishwasher and ostensibly as a delivery worker. However, when ostensibly working as a delivery worker, he spent more than 20% of each day performing the non-delivery, non-tip duties outlined above.

42.    Plaintiff Fusugio seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Rasiel Fusugio*

43.    Plaintiff Fusugio was employed by Defendants from approximately December 2018 until on or about September 12, 2020.

44.    At all relevant times, Plaintiff Fusugio was employed by Defendants to work as a dishwasher and ostensibly as a delivery worker.

45.    However, Plaintiff Fusugio was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

46.     Although Plaintiff Fusugio was ostensibly employed as a delivery worker, he spent more than 20% of his work time performing non-delivery work throughout his employment with Defendants.

47.     Plaintiff Fusugio regularly handled goods in interstate commerce, such as food, condiments and supplies necessary to perform his duties as a food preparer and cook.

48.     Plaintiff Fusugio's work duties required neither discretion nor independent judgment.

49.     Throughout his employment with Defendants, Plaintiff Fusugio regularly worked in excess of 40 hours per week.

50.     From approximately December 2018 until on or about May 2020, Plaintiff Fusugio worked from approximately 4:00 p.m. until on or about 2:30 a.m., Mondays, Tuesdays and Thursdays and from approximately 4:00 p.m. until on or about 4:00 a.m. Fridays, Saturdays and Sundays (typically 67.5 hours per week).

51.     From approximately June 2020 until on or about September 12, 2020, Plaintiff Fusugio worked from approximately 4:00 p.m. until on or about 2:30 a.m. Wednesdays and Thursdays and from approximately 4:00 p.m. until on or about 4:00 a.m. Fridays, Saturdays and Sundays (typically 57 hours per week).

52.     Throughout his employment, defendants paid Plaintiff Fusugio his wages by personal check.

53.     From approximately December 2018 until on or about September 12, 2020, defendants paid Plaintiff Fusugio a fixed salary of $450 per week.

9

54.     Defendants never granted Plaintiff Fusugio any breaks or meal periods of any kind.

55.     Plaintiff Fusugio was never notified by Defendants that his tips were being included as an offset for wages.

56.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Fusugio's wages.

57.     Prior to July 2020, Plaintiff Fusugio was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

58.     From approximately July 2020 until on or about September 12, 2020, Defendants only required Plaintiff Fusugio to enter his pin number into the system at his start time.

59.     Defendants did not provide Plaintiff Fusugio with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

60.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Fusugio regarding wages as required under the FLSA and NYLL.

61.     Defendants did not provide Plaintiff Fusugio with each wage statement, a statement of payment, as required by NYLL § 195(3).

62.     Defendants did not give any notice to Plaintiff Fusugio, in English and in Spanish (Plaintiff Fusugio's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63.     Defendants required Plaintiff Fusugio to purchase "tools of the trade" with his own funds—including a bicycle.

*Defendants' General Employment Practices*

64.     Defendants regularly required Plaintiff Fusugio to work in excess of forty (40) hours per week without paying him the minimum wage, overtime compensation, and spread of hours pay.

65.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Fusugio and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage, overtime compensation, and spread of hours pay as required by federal and state laws.

66.     Defendants habitually required their employees, including Plaintiff Fusugio, to work additional time beyond their regular shifts, but did not provide them with any additional compensation.

67.     Defendants required Plaintiff Fusugio to perform general non-delivery, non-tipped restaurant tasks in addition to his primary duties as a delivery worker.

68.     Plaintiff Fusugio was employed ostensibly as a tipped employee by Defendants, although his actual duties included a significant amount of time spent performing non-tipped duties.

69.     Plaintiff Fusugio and all other delivery workers were not even paid at the required lower tip-credit rate by Defendants; however, under state law Defendants were not entitled to a tip credit because Plaintiff Fusugio non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

11

70.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he has been assigned to work in an occupation in which tips are not customarily received" (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).

71.     Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

72.     Plaintiff Fusugio's duties were not incidental to his occupation as a delivery worker, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped, non-delivery duties described above.

73.     In violation of federal and state law, as discussed above, Defendants classified Plaintiff Fusugio as a tipped employee but they did not even pay him at the required tip credit rate when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

74.     Defendants failed to inform Plaintiff Fusugio that his tips would be credited towards the payment of the minimum wage.

75.     At no time did Defendants inform Plaintiff Fusugio that they had reduced his hourly wage by a tip allowance.

76.     Defendants failed to maintain a record of tips earned by Plaintiff Fusugio for the deliveries he made to customers.

Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

77.     Defendants paid Plaintiff Fusugio all of his wages by personal check.

78.     By employing these practices, Defendants avoided paying Plaintiff Fusugio the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

79.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Fusugio (and similarly situated individuals) worked, and to avoid paying Plaintiff Fusugio properly for (1) his full hours worked, (2) for minimum wage, (3) for overtime due and (4) his spread of hours pay.

80.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employee compensation by knowingly violating the FLSA and NYLL.

81.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Fusugio and other similarly situated current and former delivery workers.

82.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

83.     Defendants failed to provide Plaintiff Fusugio and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part

of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

84.     Defendants failed to provide Plaintiff Fusugio and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

85.     Plaintiff Fusugio brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Coppola's East (the "FLSA Class").

86.     At all relevant times, Plaintiff Fusugio and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs,

procedures, protocols, and plans of willfully failing and refusing to pay them the required

minimum wage under the FLSA, the required overtime pay at a one and one-half their regular

rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking

improper wage deductions and other improper credits against Plaintiff Fusugio's wages for

which Defendants did not qualify under the FLSA, and willfully failing to keep records required

by the FLSA.

87.    The claims of the Plaintiff stated herein are similar to those of the other

employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

88.    Plaintiff Fusugio repeats and re-alleges all paragraphs above as though fully set

forth herein.

89.    At all times relevant to this action, Defendants were Plaintiff Fusugio's employers

(and employers of the putative FLSA Class members) within the meaning of the Fair Labor

Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Fusugio

(and the FLSA class members), control the terms and conditions of employment, and determine

the rate and method of any compensation in exchange for employment.

90.    At all times relevant to this action, Defendants were engaged in commerce or in

an industry or activity affecting commerce.

91.    Defendants constitute an enterprise within the meaning of the Fair Labor

Standards Act, 29 U.S.C. § 203 (r-s).

15

92.     Defendants failed to pay Plaintiff Fusugio (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

93.     Defendants' failure to pay Plaintiff Fusugio (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

94.     Plaintiff Fusugio (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

95.     Plaintiff Fusugio repeats and re-alleges all paragraphs above as though fully set forth herein.

96.     Defendants, in violation of the FLSA, failed to pay Plaintiff Fusugio (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

97.     Defendants' failure to pay Plaintiff Fusugio (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

98.     Plaintiff Fusugio (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE NEW YORK MINIMUM WAGE RATE)

99.     Plaintiff Fusugio repeats and re-alleges all paragraphs above as though fully set forth herein.

100.     At all times relevant to this action, Defendants were Plaintiff Fusugio' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Fusugio (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

101.     Defendants, in violation of the NYLL, paid Plaintiff Fusugio (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

102.     Defendants' failure to pay Plaintiff Fusugio (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

103.     Plaintiff Fusugio (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF
### THE NEW YORK STATE LABOR LAWS)

104.     Plaintiff Fusugio repeats and re-alleges all paragraphs above as though fully set forth herein.

105.     Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Fusugio (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

17

106.     Defendants' failure to pay Plaintiff Fusugio (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

107.     Plaintiff Fusugio (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

108.     Plaintiff Fusugio repeats and re-alleges all paragraphs above as though fully set forth herein.

109.     Defendants failed to pay Plaintiff Fusugio (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Fusugio's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*., and 650 *et seq*., and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

110.     Defendants' failure to pay Plaintiff Fusugio (and the FLSA Class members) an additional hour's pay for each day Plaintiff Fusugio's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

111.     Plaintiff Fusugio (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE**
**NEW YORK LABOR LAW)**

112.    Plaintiff Fusugio repeats and re-alleges all paragraphs above as though fully set

forth herein.

113.    Defendants failed to provide Plaintiff Fusugio with a written notice, in English

and in Spanish (Plaintiff Fusugio's primary language), of their rate of pay, regular pay day, and

such other information as required by NYLL §195(1).

114.    Defendants are liable to Plaintiff Fusugio in the amount of $5,000, together with

costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

115.    Plaintiff Fusugio repeats and re-alleges all paragraphs above as though fully set

forth herein.

116.    Defendants did not provide Plaintiff Fusugio with wage statements upon each

payment of wages, as required by NYLL 195(3).

117.    Defendants are liable to Plaintiff Fusugio in the amount of $5,000, together with

costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

118.    Plaintiff Fusugio repeats and re-alleges all paragraphs above as though set forth

fully herein.

119.    Defendants required Plaintiff Fusugio to pay, without reimbursement, the costs

and expenses for purchasing and maintaining equipment and "tools of the trade" required to

perform his job, such as a bicycle, further reducing his wages in violation of the FLSA and

NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

120.     Plaintiff Fusugio was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fusugio respectfully requests that this Court enter judgment

against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of

notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the

pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the

FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiff Fusugio and the FLSA class

members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiff Fusugio and the FLSA class

members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiff Fusugio's and the

FLSA class members' compensation, hours, wages, and any deductions or credits taken against

wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful

as to Plaintiff Fusugio and the FLSA class members;

(f)     Awarding Plaintiff Fusugio and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Fusugio and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Fusugio and the members of the FLSA Class;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Fusugio and the members of the FLSA Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Fusugio and the members of the FLSA Class;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Guaman's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Fusugio and the FLSA Class members;

(m)    Awarding Plaintiff Fusugio and the FLSA class members damages for the amount

of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)     Awarding Plaintiff Fusugio and the FLSA class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Fusugio and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Fusugio and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Fusugio and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiff Fusugio demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
      January 5, 2020

                  MICHAEL FAILLACE & ASSOCIATES, P.C.

                     /s/ Michael Faillace
         By:    Michael Faillace [MF-8436]
               Michael Faillace & Associates, P.C.
               Michael A. Faillace [MF-8436]
               60 East 42nd Street, suite 4510
               New York, New York 10165
               Telephone: (212) 317-1200
               Facsimile: (212) 317-1620